Hornb cower, G. J.
The same question arose in the case of Hinchman v. Bartles, which came before the court, upon a like Certiorari, in November term, 1843. An opinion was then intimated from the bench, that as the plaintiff had brought the whole record here, upon a general allegation of error in the judgment *272 and proceedings, and had assigned no error in the judgment, the court must afirm that, with costs; and that the defendant in Certiorari was entitled to the Certiorari bond ; for his indemnity, notwithstanding the court had set aside the award of execution, since, by the very terms of the Certiorari bond, the plaintiff in Certiorari was bound to pay the sum recovered in the court below, with interest and costs, if the judgment should be affirmed.
Upon the coming up of this question again in the present case, the court was requested to reconsider the opinion intimated on the former occasion. We have done so, and the result is a conviction that our first impressions were wrong: and that, although it was right in the court to affirm the judgment, no errors having been successfully assigned upon that; yet, as the plaintiff in Certiorari had maintained his assignment of error in the awarding of execution, he had in fact, and according to the true meaning of the Certiorari bond, prosecuted his writ to effect.
By the first section of the act constituting courts for the trial of small causes, it is enacted that they shall be courts of record and vested, for the purposes mentioned in the act, with “all such powers as is usual in courts of record in this state.” If therefore, nothing had been said in the act on the subject of reviewing the proceedings of that court, they could only have been reviewed, (if reviewed at all) by writ of error, 1 Baile. 263. But by the forty-sixth section of the act it is enacted, that no judgment, order or proceeding of that court, shall be removed by ■writ of error, but by Certiorari only; and then the act proceeds to prescribe the terms upon which such writ of Certiorari shall be allowed.
The Certiorari therefore in this case must be considered as a proceeding in the nature of a writ of error, which always brings up the whole record, and can never be brought until after final judgment; whereas, a Certiorari at the common law, goes to special and summary tribunals, and brings up the whole, or any part of their proceedings, according to the command and the exigency of the writ. And such writ may be issued before the inferior jurisdiction has consummated its authority. But a writ of error, or a Certiorari substituted by statute for that writ, cannot go for part only of the record; nor before final judgment. Now the court for the trial of small causes, being a court of record, *273 mast be considered as having before il an entire and complete record of all its proceedings, from the commencement of the suit, to final judgment and execution. And, opon any part of this record, error may be assigned, as upon any other common law record ; either upon the issuing or service of the first process, the award of a venire, the form or rendition of the judgment, the adjudication of costs, or the award of execution. But before this can be done, the whole record, by writ of error, at the common law, and by Certiorari in this case, most be brought before the court of review. When this is done and the return is complete, the plaintiff in error or Certiorari assigns errors upon any part or branch of the record; and if he maintains his assignment in any particular, he prevails in his suit. If his assignment goes to the judgment, or to any preliminary proceeding, upon which it was founded, the whole fabric falls to the ground, and the judgment will be reversed. But if the error was in the award of costs, (by our statute on that subject,) or in the award of an unlawful execution, or of a lawful one at a time and under circumstances, when by law, none ought to have been awarded, the judgment for costs, or the award of execution, and the execution itself, will be set aside; and the principal judgment affirmed in this court, to be executed here according to law.
The doubt in this case arose upon the question of costs, and' was suggested by the form of the condition of the Certiorari bond, which is required by the act, in lieu of the ordinary bail in error. But in this there is no real difficulty. The act- requires that the plaintiff shall enter into bond with security; conditioned that he shall pay “the sum recovered in the court'below, with interest and costs, if the judgment, be affirmed.”' But the question occurs, what judgment? The obvious answer is, the judgment in the particular matter expected to, and- upon which error has been assigned.
A writ of error, or in this case a Certiorari,, is in the nature of a new suit, brought to obtain redress against an erroneous adjudication or proceeding. The new suit is commenced by a writ, which, after suggesting in the most general terms, that in the record and process rendition of judgment Ac. manifest error hath intervened, commands the court below to send that record, with all things touching the same to the court oBreview. Upon *274 a proper return being made to that court, the plaintiff in error assigns, or specifically points out the grounds on which he relies, for obtaining a reversal of the judgment, order or proceeding complained of. The whole record may contain other matters, adjudications and proceedings; but that alone is brought in question, on which errors are assigned. 6 Ter. Rep. 200.
The assignment of errors answers to a declaration, and sets forth the plaintiff’s ground of complaint. If he can point out any adjudication or proceeding on the record, which is contrary to law, he succeeds in his suit, and shows he had good cause for suing out his writ. Other parts of the record maybe right, and the principal judgment may be affirmed, but it does not stand to reason, that if the plaintiff has succeeded in showing manifest error in the record affecting his rights, he should be made to pay, not only his own costs, but the costs of his adversary.
In my opinion therefore, the defendant in this case is not entitled to costs, nor to have the Certiorari bond, as the condition of it has been performed by the plaintiff in Certiorari.